**SWEET SUMMER NIGHT MUSIC; See This House Music; Buchu Music; Van Halen Music; Heroic Music; Brockman Music; Controversy Music; Hideout Records and Distributors, Inc., Plaintiffs,**

v.

**Pete AIKEN, Defendant.**

**No. A85–132 Civ.**

United States District Court,
D. Alaska.

Feb. 9, 1987.

---

Francis E. Smith, Jr., Guess & Rudd, Anchorage, Alaska, for plaintiffs.

Rex Lamont Butler, Anchorage, Alaska, for defendant.

## DECISION AND ORDER

KLEINFELD, District Judge.

This copyright infringement case is before the court on cross motions for summary judgment. Although various additional issues are raised in the pleadings, the cross motions have narrowed the focus of the case to whether the "juke box exemption" applies.

The juke box exemption, found at 17 U.S.C. § 116, applies only if the juke box was a "coin-operated phonorecord player." The affidavits and other evidence leave no room for a genuine issue of fact as to whether the device in defendant's establishment was a "coin-operated phonorecord player."

Although physically the equipment was a juke box, the way in which it was used in the establishment excludes it from the definition at 17 U.S.C. § 116(e). The $3.00 one drink minimum by itself prevents the juke box from meeting the statutory criteria. Location of the juke box behind the stage makes the list of selections incapable of being "readily examined by the public." Choice of selections could not be "made by the patrons," except by persuading a dancer to choose a particular selection. Each of these independent grounds prevents the juke box from being a statutory "coin-operated record player."

Defendant would have the court treat the juke box as sufficiently accessible to be a "coin-operated phonorecord player," because it was physically possible for a patron to walk up on the stage, pass by the naked women dancing for the entertainment of the patrons, select a song, put his coin in the juke box and press the appropriate button, and then walk back past the naked women dancing on the stage, down off the stage, and back to his seat. I do not think this is what Congress meant by requiring the list of selections to be in a position where it could be "readily" examined by the public, and one can doubt whether the choice of songs could be "made by the patron" in this factual situation, unless the patron were an unusual individual.

The one drink minimum amounts to an "indirect charge for admission," under 17 U.S.C. § 116(e)(1)(B), even if the defendant does not always enforce it. There is nothing uncommon in the situation of a business man having a right to collect money, giving notice that he wishes to collect it, and finding himself unable to collect it. That collection efforts are not successful does not mean that the amount is not "charged."

Defendant would have the court exempt him from the copyright law because he did not have the key to the juke box. This would not prevent him from being an "operator" under 17 U.S.C. § 116, nor, since § 116 is not available to defendant because the juke box was not a "coin-operated phonorecord player," would it otherwise exempt the infringement. The affidavits and other evidence establish that the defendant was the proprietor of the night club and had sufficient control over it so that he can properly be charged with "performing the work publicly," as the term is used in 17 U.S.C. § 106(4) and as defined at 17 U.S.C. § 101. The authorities cited by the plaintiff are persuasive.

Plaintiffs are entitled to an injunction "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). They are also entitled to statutory damages under 17 U.S.C. § 504(c). The minimum the court is permitted to award is $250.00 for each of the eight works infringed upon. Plaintiffs urge $1,000.00 for each of the eight works. $1,000.00 each seems steep. To some extent, when an establishment performs copyrighted music publicly without paying royalties, the number of statutory penalties depends primarily on how long the ASCAP investigators sit in the establishment and take notes. In this case, it is determined that an appropriate amount is $600.00 per work, amounting to a total of $4,800.00.

An award of costs and attorneys fees may be made in the court's discretion under 17 U.S.C. § 505. It is determined that "full costs" and a "reasonable attorneys fee" shall be awarded in favor of plaintiffs against defendant. Plaintiffs' gave defendant extensive opportunities to avoid litigation, which he did not take, and defendant without any very substantial defense compelled plaintiffs to litigate the case all the way through a dispositive court decision.

Accordingly, IT IS ORDERED:

(1) Plaintiffs' motion for summary judgment is granted.

(2) Defendant's motion for summary judgment is denied.

(3) An injunction shall issue in favor of plaintiffs. Plaintiffs shall lodge a judgment including the injunction sought within 30 days of this order.

(4) Judgment shall issue in favor of plaintiffs and against defendant for statutory damages of $4,800.00, plus full costs and reasonable attorneys fees. Plaintiffs shall lodge such a judgment within 30 days of the date of this order, and shall file their costs bill and their motion for attorneys fees within 30 days of the date of this order.